UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ISLAND INTELLECTUAL PROPERTY LLC,

    Plaintiff,

v.                                                        Case No. 2:19-cv-1038

AMERICAN DEPOSIT MANAGEMENT,
LLC, dba THE AMERICAN DEPOSIT
MANAGEMENT CO.,

    Defendant.

## COMPLAINT

Plaintiff Island Intellectual Property LLC ("Island IP"), by and through its undersigned attorneys, for its Complaint against Defendant American Deposit Management, LLC, dba The American Deposit Management Co. ("ADM"), hereby alleges as follows:

### NATURE OF THIS ACTION

1. The nature of this action is one for patent infringement against ADM. Island IP has come to learn, *inter alia*, that ADM is practicing inventions disclosed in at least five of its patents, U.S. Patent Nos. 7,509,286, 7,668,772, 8,019,667, 8,260,697, and 8,566,201. Island IP brings this suit for equitable and monetary relief.

### PARTIES

2. Plaintiff Island IP is a limited liability corporation organized and existing under the laws of Delaware, having its principal place of business in the State of New York.

3. Upon information and belief, Defendant ADM is a limited liability company organized and existing under the laws of Wisconsin, having its principal place of business in Pewaukee, Wisconsin, which is located in this District.

## JURISDICTION AND VENUE

4. This is a civil action for, in part, patent infringement arising under the United States patent statutes, 35 U.S.C. § 1 *et seq.* This Court has original subject matter jurisdiction over the foregoing federal causes of action under 28 U.S.C. §§ 1331 and 1338(a).

5. ADM is subject to this Court's personal jurisdiction because it does substantial business in this District, including: (i) offering and/or operating financial services within this State and this District; (ii) maintaining its headquarters within this State and this District; and (iii) committing patent infringement within this State and in this District.

6. Venue in this District is proper pursuant to 28 U.S.C. §1400(b), because this District is one in which ADM resides, and where ADM has committed acts of infringement and has a regular and established place of business.

## PATENTS-IN-SUIT

7. Island IP is a corporate affiliate of Double Rock Corp. ("Double Rock"). Since the 1970s, Double Rock has been one of the leading cash-management and technology solution businesses to the bank, broker-dealer, qualified plan, and retail direct markets. The company was founded by Bruce Bent, who co-created the world's first money-market fund in 1970, is an inductee of the Financial Planning Hall of Fame as well as *Money* magazine's Hall of Fame, and has been chronicled in the Museum of American Finance, an affiliate of the Smithsonian Institution. Double Rock and its affiliates are industry leaders in providing cash management and money regulation systems, having invented a number of financial innovations. Island IP holds approximately 60 patents issued by the U.S. Patent and Trademark Office.

8. Many of Island IP's patents disclose inventions directed to insured deposit sweep products, by which cash balances are automatically "swept into" an FDIC-insured interest-bearing account at one or more participating banks. Some of the financial products developed

by Double Rock disclose inventions that help depositors and investors obtain FDIC insured, interest-bearing accounts with interest rates that can be flexibly assigned, with an unlimited number of fund transfers per month, and with insurance that may exceed FDIC deposit limits. These products satisfy a market need in light of certain federal statutes, and an accompanying regulatory scheme, which otherwise restrict investors and depositors seeking investments and deposits having a lower risk profile to a rather limited selection of choices

9. Included among this latter category are the following five patents:

- U.S. Patent No. 7,509,286, *Systems and Methods for Money Fund Banking with Flexible Interest Allocation*, issued Mar. 24, 2009;

- U.S. Patent No. 7,668,772, *Systems and Methods for Money Fund Banking With Flexible Interest Allocation,* issued Feb. 23, 2010;

- U.S. Patent No. 8,019,667, *Systems and Methods for Money Fund Banking with Flexible Interest Allocation,* issued Sep. 13, 2011;

- U.S. Patent No. 8,260,697, *Systems and Methods for Money Fund Banking with Flexible Interest Allocation*, issued Sep. 4, 2012; and

- U.S. Patent No. 8,566,201, *Systems and Methods for Money Fund Banking with Flexible Interest Allocation*, issued Oct. 22, 2013

(together, the "Patents-in-Suit").

10. The claims in the Patents-in-Suit are generally directed to an improvement over prior art computerized deposit sweep systems, and involve a very specific, non-routine, unconventional and inventive allocation system and method that result in the more efficient use of excess capacity in depositary institutions after an inventive allocation of funds. The detailed and inventive elements of the claims provide the explanation of how each of these unconventional and non-routine elements achieves the desired technological result. The claimed invention here is not merely the application of the alleged abstract idea on a generic computer,

but is instead directed to a technology-based solution that improves upon the prior art by, *inter alia*, increasing accuracy of a computerized deposit sweep system.

11. Specifically, the Patents-in-Suit claim and employ a particular inventive, unconventional, and non-routine computerized method of managing client funds by providing financial institutions the ability to provide client accounts with increased FDIC insurance and provide interest using tiered interest rates. The patented method also manages the accounts by aggregating the client accounts at each bank participating within the program. The Patents-in-Suit also claim the inventive, novel, and non-obvious computerized method of managing client funds in a bank channel product by providing at least three different tiered interest rates to customers and paying at least two different rates for such customers' funds which are held in the same omnibus account.

12. Moreover, the Patents-in-Suit claim and employ a particular inventive, unconventional, and non-routine computerized method of calculating interest electronically using an interest rate for each customer whose funds are held in the same omnibus account independent from the respective client account *pro rata* share in earnings posted to such customer's fund. At the time of invention, this method of calculating interest in omnibus accounts was novel, not obvious, not routine or conventional. This technological enhancement improved efficiency to provide different interest rates for each customer in an omnibus account while decreasing the burden on administrative systems.

13. For example, Claim 1 of Patent No. 7,509,286 discloses a method, comprising:

> A method for managing funds of a plurality of respective client accounts associated with a plurality of respective clients participating in a program, comprising:
>> maintaining a plurality of FDIC-insured and interest-bearing aggregated deposit accounts, each of the aggregated deposit accounts being interest-bearing, with one or more of the

aggregated deposit accounts held in each different one of a plurality of financial institutions in the program;

maintaining funds of a plurality of the clients in the plurality of aggregated deposit accounts so that each aggregated deposit account holds funds of a plurality of the clients, with each client account in a Subset of the plurality of client accounts having funds in their respective client account over a predetermined amount, with each of the respective client accounts in the Subset having funds deposited in a plurality of the aggregated deposit accounts,

maintaining or having maintained or accessing by computer an electronic database, on one or more computer readable media, comprising a respective balance of funds for each of a plurality of the respective client accounts in the Subset and information on funds held by each of the plurality of clients of the subset in the plurality of aggregated deposit accounts;

receiving electronic client transaction data describing debit and/or credit transactions made by a plurality of clients against their respective client accounts;

updating the respective balance of funds in the database associated with each of the respective client accounts in the subset based on one or more debit and/or credit transactions made by the respective client;

determining electronically for each of the plurality of the client accounts in the Subset of client accounts a respective interest rate from among a plurality of interest rates in an interest-allocation procedure based at least in part on the updated balance of funds associated with the respective client account in the Subset;

calculating electronically a respective interest for a period to be posted to each of a plurality of respective client accounts in the subset, with the respective interest to be posted to a respective client account determined based on the respective interest rate determined for that respective client account in the Subset, with the calculating being independent from the respective client account pro rata share in earnings posted to the plurality of the aggregated deposit accounts holding funds of the respective client account;

determining interest earned during the period by each of the plurality of aggregated deposit accounts in the program; and

posting electronically the respective interest calculated for each of the plurality of respective client accounts based on the respective interest rate determined for the respective client account.

14. All five Patents-in-Suit were adjudicated to be valid, enforceable, and patent-eligible in *Reich & Tang Deposit Solutions, LLC et al v. Island Intellectual Property LLC et al,* 1:16-cv-01087-GMS (D. Del. Dec. 7, 2017).

15. In addition, in *Island Intellectual Property LLC, et al. v. Deutsche Bank AG, et al.,* 09 Civ. 2675 (SDNY) (KBF) (Doc. 265), the U.S. District Court rejected a patent eligibility challenge to two of the Patents-in-Suit (U.S. Patent Nos. 7,509,286 and 7,668,772), finding that: "Reading the claims, it is not difficult to conclude that their methods would be impracticable but for significant and complex computer programming permitting the transfer, tracking, calculation and actual payment of funds and interest between various financial institutions and numerous client and aggregated accounts. … [T]he claims on their face require controlled interaction between the intermediate banks, the source banks who deal with the customers, and the program banks which hold the aggregated accounts." (Internal quotation marks omitted.)

16. The Patents-in-Suit are recognized and licensed by leading members of the banking and financial services industry.

## ADM'S INFRINGEMENT[1]

17. ADM provides cash management and financial services from its headquarters in this District and elsewhere. ADM advertises itself as having "exclusive" relationships with over 600 financial institutions around the country, through which it manages and distributes over $3 billion in assets. It claims that its clients include many top U.S. corporations, municipalities, universities, and public funds. ADM claims to have been founded in order "to help large

---

[1] ADM and Landing Rock Group LLC, an Island IP affiliate, are subject to a Mutual Confidentiality Agreement dated April 4, 2019. All of the information set forth in this Complaint is drawn from publicly available sources, and none from any information exchange made pursuant to that Agreement.

depositors access to deposit insurance in excess of the current amount of $250,000 limit per tax ID" and holds itself out as a "powerhouse" of deposit aggregation.

18. Upon information and belief, ADM, through, *inter alia*, its American Money Market Account ("AMMA") program, utilizes inventions in each of the Patents-in-Suit.

19. Upon information and belief, ADM offers full deposit insurance coverage of at least $40 million by splitting client's funds into $245,000 increments, collateralizing those funds, and then negotiating interest rates from its banking relationships.

20. Upon information and belief, ADM provides a consolidated bank statement to customers, who receive only one IRS Form 1099 at year-end.

21. Upon information and belief, ADM holds its customers funds, as agent, in FDIC insured and interest bearing aggregated accounts along with other customers' funds, and one or more banks or savings institutions.

22. Upon information and belief, ADM offers tiered interest rates up to at least $40 million by splitting client's funds into up to $45,000 increments, collateralizing those funds, and then negotiating interest rates from its banking relationships.

23. Upon information and belief, ADM offers its customers different interest rates based on the amount on deposit.

24. Upon information and belief, ADM calculates interest electronically using an interest rate for each customer whose funds are held in the same omnibus account independent from the respective client account pro rata share in earnings posted to such customer's fund.

25. Upon information and belief, Island IP's injury from the aforesaid infringement, measured in terms of a reasonable royalty, exceeds $10 million.

26. Prior to filing this action, Island IP made multiple written inquiries with ADM to share its concerns (providing ADM with, *inter alia*, a listing of its entire patent portfolio), and to request a good faith discussion to see if a license could be negotiated. No response was ever received.

### FIRST CAUSE OF ACTION:
### PATENT INFRINGEMENT AGAINST ADM ('286 PATENT)

27. Island IP realleges the prior paragraphs as if fully set forth herein.

28. On March 24, 2009, U.S. Patent No. 7,509,286 (the "'286 Patent") was duly and legally issued in the names of Bruce Bent and Bruce Bent, II. The '286 Patent was assigned to Island IP, which is the exclusive assignee of the '286 Patent. A copy of the '286 Patent is attached as **Exhibit A**.

29. As set forth above, ADM offers one or more products within the scope of the claims of the '286 Patent.

30. ADM has infringed and is continuing to infringe at least Claims 1, 5, and 15 of the '286 Patent, literally and/or through the doctrine of equivalents.

31. ADM has induced or contributed to, and is continuing to induce or contribute to, the infringement by others, of the '286 Patent.

32. ADM has received actual notice of the '286 Patent.

33. ADM's infringement of the '286 Patent has been, and continues to be, deliberate and willful.

34. ADM's conduct has caused and, unless enjoined, will continue to cause, irreparable harm to Island IP.

35. Island IP is suffering and will continue to suffer damages as the direct and proximate result of the ADM's infringement of the '286 Patent.

36. Island IP is suffering and will continue to suffer irreparable injury as the direct and proximate result of ADM's infringement of the '286 Patent

### SECOND CAUSE OF ACTION:
### PATENT INFRINGEMENT AGAINST ADM ('772 PATENT)

37. Island IP realleges the prior paragraphs as if fully set forth herein.

38. On February 23, 2010, U.S. Patent No. 7,668,772 ("'772 Patent") was duly and legally issued in the names of Bruce Bent and Bruce Bent, II. The '772 Patent was assigned to Island IP, which is the exclusive assignee of the '772 Patent. A copy of the '772 Patent is attached as **Exhibit B**.

39. As set forth above, ADM offers one or more products within the scope of the claims of the '772 Patent.

40. ADM has infringed and is continuing to infringe at least Claims 1, 6, 8, and 9 of the '772 Patent, literally and/or through the doctrine of equivalents.

41. ADM has induced or contributed to, and is continuing to induce or contribute to, the infringement by others, of the '772 Patent.

42. ADM has received actual notice of the '772 Patent.

43. ADM's infringement of the '772 Patent has been, and continues to be, deliberate and willful.

44. ADM's conduct has caused and, unless enjoined, will continue to cause, irreparable harm to Island IP.

45. Island IP is suffering and will continue to suffer damages as the direct and proximate result of the ADM's infringement of the '772 Patent.

46. Island IP is suffering and will continue to suffer irreparable injury as the direct and proximate result of ADM's infringement of the '772 Patent

### THIRD CAUSE OF ACTION:
### PATENT INFRINGEMENT AGAINST ADM ('667 PATENT)

47. Island IP realleges the prior paragraphs as if fully set forth herein.

48. On September 13, 2011, U.S Patent No. 8,019,667 (the "'667 Patent") was duly and legally issued in the names of Bruce Bent and Bruce Bent, II. The '667 Patent was assigned to Island IP, which is the exclusive assignee of the '667 Patent. A copy of the '667 Patent is attached as **Exhibit C**.

49. As set forth above, ADM offers one or more products within the scope of the claims of the '667 Patent.

50. ADM has infringed and is continuing to infringe at least Claim 1 of the '667 Patent, literally and/or through the doctrine of equivalents.

51. ADM has induced or contributed to, and is continuing to induce or contribute to, the infringement by others, of the '667 Patent.

52. ADM has received actual notice of the '667 Patent.

53. ADM's infringement of the '667 Patent has been, and continues to be, deliberate and willful.

54. ADM's conduct has caused and, unless enjoined, will continue to cause, irreparable harm to Island IP.

55. Island IP is suffering and will continue to suffer damages as the direct and proximate result of the ADM's infringement of the '667 Patent.

56. Island IP is suffering and will continue to suffer irreparable injury as the direct and proximate result of ADM's infringement of the '667 Patent.

### FOURTH CAUSE OF ACTION:
### PATENT INFRINGEMENT AGAINST ADM ('697 PATENT)

57. Island IP realleges the prior paragraphs as if fully set forth herein.

58.     On September 4, 2012, U.S. Patent No. 8,260,697 (the "'697 Patent") was duly and legally issued in the names of Bruce Bent and Bruce Bent, II.  The '697 Patent was assigned to Island IP, which is the exclusive assignee of the '697 Patent.  A copy of the '697 Patent is attached as **Exhibit D**.

59.     As set forth above, ADM offers one or more products within the scope of the claims of the '697 Patent.

60.     ADM has infringed and is continuing to infringe at least Claim 1 of the '697 Patent, literally and/or through the doctrine of equivalents.

61.     ADM has induced or contributed to, and is continuing to induce or contribute to, the infringement by others, of the '697 Patent.

62.     ADM has received actual notice of the '697 Patent.

63.     ADM's infringement of the '697 Patent has been, and continues to be, deliberate and willful.

64.     ADM's conduct has caused and, unless enjoined, will continue to cause, irreparable harm to Island IP.

65.     Island IP is suffering and will continue to suffer damages as the direct and proximate result of the ADM's infringement of the '697 Patent.

66.     Island IP is suffering and will continue to suffer irreparable injury as the direct and proximate result of ADM's infringement of the '697 Patent

<u>FIFTH CAUSE OF ACTION</u>:
<u>PATENT INFRINGEMENT AGAINST ADM ('201 PATENT)</u>

67.     Island IP realleges the prior paragraphs as if fully set forth herein.

68.     On October 22, 2013, U.S. Patent No. 8,566,201 (the "'201 Patent") was duly and legally issued in the names of Bruce Bent and Bruce Bent, II.  The '201 Patent was assigned

to Island IP, which is the exclusive assignee of the '201 Patent. A copy of the '201 Patent is attached as **Exhibit E**.

69. As set forth above, ADM offers one or more products within the scope of the claims of the '201 Patent.

70. ADM has infringed and is continuing to infringe at least Claims 1 and 5 of the '201 Patent, literally and/or through the doctrine of equivalents.

71. ADM has induced or contributed to, and is continuing to induce or contribute to, the infringement by others, of the '201 Patent.

72. ADM has received actual notice of the '201 Patent.

73. ADM's infringement of the '201 Patent has been, and continues to be, deliberate and willful.

74. ADM's conduct has caused and, unless enjoined, will continue to cause, irreparable harm to Island IP.

75. Island IP is suffering and will continue to suffer damages as the direct and proximate result of the ADM's infringement of the '201 Patent.

76. Island IP is suffering and will continue to suffer irreparable injury as the direct and proximate result of ADM's infringement of the '201 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Island Intellectual Property LLC respectfully requests that this Court:

A. Entry of judgment that ADM infringes the '286 Patent;

B. An injunction against ADM under 35 U.S.C. § 283, to stop infringement of the '286 Patent;

C. Entry of judgment that ADM infringes the '772 Patent;

D. An injunction against ADM under 35 U.S.C. § 283, to stop infringement of the '772 Patent;

E. Entry of judgment that ADM infringes the '667 Patent;

F. An injunction against ADM under 35 U.S.C. § 283, to stop infringement of the '667 Patent;

G. Entry of judgment that ADM infringes the '697 Patent;

H. An injunction against ADM under 35 U.S.C. § 283, to stop infringement of the '697 Patent;

I. Entry of judgment that ADM infringes the '201 Patent;

J. An injunction against ADM under 35 U.S.C. § 283, to stop infringement of the '201 Patent;

K. An award of damages against ADM of no less than $10 million, to compensate Island IP for the infringement of the '286 Patent, '772 Patent, '667 Patent, '697 Patent and '201 Patent, trebled to $30 million to compensate Island IP for the willfulness of ADM's infringement, pursuant to 35 U.S.C. § 284;

L. Interest thereon;

M. A judgment deeming this to be an exceptional case within the meaning of 35 U.S.C. § 285, entitling Island IP to an award of costs, reasonable attorney's fees, and expenses incurred in this action; and

N. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Island IP demands a trial by jury on all issues properly tried to a jury.

Dated this 19th day of July, 2019.

*s/Johanna M. Wilbert*
Johanna M. Wilbert
  State Bar No. 1060853
Michael T. Piery
  State Bar No. 1094654
QUARLES & BRADY LLP
411 East Wisconsin Avenue
Suite 2350
Milwaukee WI 53202-4497
Tel.: (414) 277-5367
Fax: (414) 978-8367
E-mail:  johanna.wilbert@quarles.com

*Attorneys for Plaintiff Island IP*

*Of Counsel*:
John Dellaportas
EMMET, MARVIN & MARTIN, LLP
120 Broadway
New York, NY 10271
(212) 238-3000